823 F.2d 546
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re COASTAL SEAFOOD ENTERPRISES OF LITTLE RIVER, INC.,
Murray Bowman Brown, Appellants.
UNITED STATES of America, Appellee,
v.
8.4 ACRES OF LAND LOCATED IN LITTLE RIVER TOWNSHIP, HORRY
COUNTY, SOUTH CAROLINA, With Improvements Thereon, Known as
Little River Campground; One Parcel of Real Property Located
on Watson Avenue, Little River Village, Horry County, South
Carolina, With Improvements Thereon, Defendants.
In re COASTAL SEAFOOD ENTERPRISES OF LITTLE RIVER, INC.
In re Eva Frye WOOD.
In re Murray Bowman BROWN, Claimant-Appellant,
and
The United Carolina Bank; Bankers Mortgage Corporation, Claimant,
UNITED STATES of America, Plaintiff-Appellee,
v.
8.4 ACRES OF LAND LOCATED IN LITTLE RIVER TOWNSHIP, HORRY
COUNTY, SOUTH CAROLINA, With Improvements Thereon, Known as
Little River Campground; One Parcel of Real Property Located
on Watson Avenue, Little River Village, Horry County, South
Carolina, With Improvements Thereon; ONE (1) 1980 Cadillac
Eldorado, VIN GL579AE622602, Defendants.
 Nos. 85-1968(L), 86-3567
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 6, 1987.
Decided May 20, 1987.
 
 D.S.C., 648 F.Supp. 79
 AFFIRMED.
 Appeals from the United States District Court for the District of South Carolina, at Florence. Clyde H. Hamilton, District Judge. (CA 84-221-15, CA 84-247-15)
 Alvin Jeffrey Hammer (Gedney M. Howe, III: Arthur G. Howe, on brief), for appellant.
 John Berkle Grimball, II, Assistant United States Attorney (Vinton D. Lide, United States Attorney, on brief), for appellee.
 Before WINTER, Chief Judge, and WIDENER and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 The claimants appeal from a judgment of forfeiture, pursuant to 21 U.S.C. Sec. 881(a)(6), of two parcels of real property which the jury found were acquired from the proceeds of illegal drug transactions.* Specifically, the jury forfeited to the United States in its entirety an 8.4 acre tract owned by Coastal Seafood Enterprises, of which Murray Bowman Brown is the sole stockholder, an forfeited thirty percent (30%) of the so-called Watson Avenue property owned by Murray Bowman Brown.
 
 
 2
 On appeal, the claimants' principal contentions are that the evidence was legally insufficient to support the finding that the properties were acquired from drug proceeds traceable under 21 U.S.C. Sec. 881, that the jury was improperly selected because a principal claimant was ill and not present at the jury selection, that claimants were improperly denied the right to open and close after they had stipulated to the existence of probable cause and thus had the burden of proving nonforfeitability, and that the verdicts as to each of the two properties were inconsistent. We see no merit in any contention and we affirm.
 
 I.
 
 3
 We deem it unnecessary to recite the facts, but from a careful review of the record we are persuaded that there was ample evidence to permit the jury to return a verdict of forfeiture. Although the claimant to the 8.4 acre tract testified that it was purchased with funds derived from legitimate business activities, the evidence of the insufficiency of the claimant's legitimate income, as reflected on his tax returns, permitted the jury to conclude that the tract was purchased with monies derived from smuggling marijuana and other drugs, rather than from legitimate shrimping and fishing enterprises.
 
 
 4
 Similarly, with regard to the Watson Avenue property, the claimant's testimony that the property was purchased for only $1,000 cash and the assumption of a mortgage was controverted by testimony that $19,000 was paid in cash and that this cash was obtained from a supply that had been secreted underground. Again, the jury could conclude that the greater amount of cash was paid and that it was derived from drug smuggling.
 
 II.
 
 5
 The jury for the forfeiture proceeding was chosen some weeks in advance of the trial. Because of illness, Murray Bowman Brown was not present for the jury selection, although his attorneys were present and did participate. Brown's attorneys objected to going forward with the selection in Brown's absence. However, when the trial began two weeks later and Brown was again absent, they agreed that the trial should go forward. Indeed, they specifically conceded that Brown's due process rights would not be violated by conducting the trial without him, and they stated that they would not raise on appeal and issue about his absence.
 
 
 6
 We need not decide if a claimant has a right to be present for jury selection in a forfeiture case under 21 U.S.C. Sec. 881 because we think that Brown's attorneys effectively waived any right to object. A party cannot complaint about invited error. If Brown really wished to assert error in the selection of a jury in his absence, his experienced attorneys should not have agreed to the conduct of the trial without Brown in attendance.
 
 III.
 
 7
 Since Brown, on the day of the trial, stipulated that there was probable cause for the property seizures, he assumed the burden of proving nonforfeitability. Absent the stipulation, the government would have had the burden of proving the existence of probable cause to believe that there was a substantial connection between the property at issue and illegal narcotics activities. But irrespective of the burden of proof, the district court had broad discretion to determine the order of who should open and close. Claimants point to no prejudice stemming from the district court's decision to permit the government to open and close, and we perceive no abuse of discretion.
 
 IV.
 
 8
 Finally, in our view, the verdicts as to the two properties were not inconsistent. There was a factual basis on which the jury could decide both that the Watson Avenue property was only partially acquired by the use of tained monies, and that the entire 8.4 acre tract was traceable to illegal drug proceeds.
 
 
 9
 AFFIRMED.
 
 
 
 *
 Consolidated with this appeal is an earlier appeal from an order of the district court authorizing the sale of the properties pending trial of the forfeiture. We stayed the interlocutory sale upon the posting of a bond. In view of our disposition of the appeal from the judgment of forfeiture, we need not consider the earlier appeal